**Ahmed TAHIR, Petitioner,**

v.

**John M. LEHMANN, Distict Director, Immigration and Naturalization Service, Respondent.**

No. 33857.

United States District Court
N. D. Ohio, E. D.

Jan. 2, 1958.

Henry C. Lavine, Cleveland, Ohio, for petitioner.

Sumner Canary, U. S. Atty., Cleveland, Ohio, for respondent.

WEICK, District Judge.

This proceeding is to review an order of deportation issued under § 241(a) (4) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (4).

Petitioner was represented by counsel at the hearing before the Special Inquiry Officer, who stated that he did not contest any of the allegations of fact contained in the order to show cause, and further that he did not, at that time, contest deportability.

Despite these admissions, the Special Hearing Officer nevertheless proceeded

with the introduction of evidence and showed, by court records, (a) that petitioner, on September 27, 1919 in the Court of Quarter Sessions of the Peace of Alleghany County, Pennsylvania, pleaded guilty to an indictment charging him with taking, by force and arms, the sum of $47 from one Harry Lewis and was sentenced by the court to imprisonment in the workhouse for three months and to pay a small fine and the costs of prosecution and (b) that petitioner on August 16, 1938, in the Recorder's Court in Detroit, Wayne County, Michigan, was convicted of the crime of breaking and entering a building (store) at nighttime with intent to commit a felony, namely, larceny, and was sentenced to the state prison of Southern Michigan for an indeterminate term of not less than 1 year and 6 months, nor more than 15 years.

He had also been charged with larceny in the second count in the indictment, but no disposition was made of that charge.

In addition, petitioner was convicted in the Court of Common Pleas of Cuyahoga County, Ohio in the January 1952 Term of that court of the charge of assault and battery and was sentenced to a term of six months in the workhouse.

When confronted with the court records at the hearing, petitioner admitted that he was the person involved therein.

The hearing was continued to permit petitioner to file an application for suspension of deportation under § 244(a) (5) of the Immigration and Nationality Act.

At subsequent hearings, it appeared that petitioner had, during the period of 10 years last past, been convicted on six occasions of gambling offenses and on that account was unable to establish good moral character which was an essential prerequisite in order to obtain relief of suspension of deportation. See § 101 (f) (5) and § 244(e) of the Immigration and Nationality Act, 8 U.S.C.A. §§ 1101(f) (5), 1254(e).

An appeal to the Board of Immigration Appeals was dismissed and this proceeding to review followed.

It is contended by petitioner (1) that the crime of breaking and entering a building in the night season with the intent to commit larceny does not involve moral turpitude and (2) that it is uncertain under which of the Michigan statutes the petitioner was convicted and sentenced.

■ The offense of breaking and entering a building, in the night season, with the intent to commit larceny, universally known as burglary, was a felony under Michigan law and that it involves moral turpitude admits of no doubt. It was certainly a much more serious offense than the crime of larceny by force and arms which involves moral turpitude. The fact that no disposition was made of the second count in the indictment is not material here in view of the conviction on the first count.

It appears from the record that subsequent to the conviction, the Michigan statute under which petitioner was indicted and convicted, § 110.360 of the Michigan Penal Code, was given a new number, namely, § 28.305 under a recodification and renumbering of the statutes. Comp.Laws 1948, § 750.110.

The record contains substantial evidence that petitioner was convicted of two crimes involving moral turpitude and is, therefore, subject to deportation under § 244(a) (4) of the Immigration and Nationality Act.

■ The argument that deportation works an injustice to an alien who has lived here for such a long period of time is one that should more properly be addressed to Congress, instead of the courts which have no discretion except to enforce the statutory enactments.

Nor can it be seriously questioned that petitioner's behavior, while living here as an alien, had fallen somewhat short of the expected norm.

Judgment may be entered for the respondent dismissing the complaint.